UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANN MARIE HILL,
        Plaintiff,

v.                                       Case No: 6:15-cv-890-Orl-28DAB

SUNTRUST BANK,
        Defendant.

## ORDER

This employment discrimination case is before the Court on the Motion for Partial Dismissal of Plaintiff's Amended Complaint and for More Definite Statement (Doc. 15) filed by Defendant, SunTrust Bank, and the Response (Doc. 16) filed by Plaintiff, Ann Marie Hill. As set forth below, SunTrust's motion is granted insofar as it seeks dismissal of some of Hill's claims and is denied insofar as it seeks a more definite statement.

**I.    Background**

On April 10, 2015, Hill filed this case against SunTrust, her former employer, in state court. (Compl., Doc. 2). SunTrust removed it to this Court on June 2, 2015. (Notice of Removal, Doc. 1). On June 17, 2015, Hill filed an Amended Complaint (Doc. 10) alleging three counts: race discrimination under both the Florida Civil Rights Act of 1992[1] ("FCRA") and 42 U.S.C. § 1981 (Count I); age discrimination under the FCRA (Count II); and retaliation under both the FCRA and § 1981 (Count III).

In its motion to dismiss, SunTrust argues that Hill's FCRA claims must be dismissed because Hill previously chose to pursue administrative remedies on these claims. SunTrust does not seek dismissal of Hill's § 1981 race discrimination claims, but it asserts

---

[1] §§ 509.092 & 760.01-.11, Fla. Stat.

that the § 1981 claims should be dismissed to the extent Hill is asserting age or sex discrimination under § 1981. SunTrust also contends that Hill should be required to replead her § 1981 race discrimination claims because the Amended Complaint combines allegations of age discrimination, sex discrimination, and race discrimination.

## II.  Discussion

### A.  FCRA Claims

SunTrust contends that Hill's FCRA claims are not cognizable because Hill elected her remedy under the FCRA by filing and pursuing a Petition for Relief with the Florida Commission on Human Relations ("the commission"). According to SunTrust, Hill cannot now file a civil action asserting those same claims. SunTrust's position has merit, and Hill's FCRA claims cannot proceed.

#### 1.  *The FCRA and Its Administrative Scheme*

The FCRA makes it "an unlawful employment practice for an employer . . . [t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status." § 760.10(1)(a), Fla. Stat. It also bars retaliation against employees who oppose unlawful employment practices. Id. § 760.10(7). Hill alleges claims of race discrimination, age discrimination, and retaliation under the FCRA.

"Under certain circumstances, the [FCRA] creates a statutory right to maintain a civil cause of action when a violation occurs." Maggio v. Fla. Dep't of Labor & Emp't Sec., 899 So. 2d 1074, 1077 (Fla. 2005). "However, the [FCRA] first requires that the claimant comply with a set of presuit administrative procedures." Id.

A person aggrieved by an FCRA violation "may file a complaint with the commission

2

within 365 days of the alleged violation." § 760.11(1), Fla. Stat. "Although this statute states that a complaint 'may' be filed with the Commission, it is clear that such a complaint must be filed either with the Commission or its federal counterpart by anyone who wishes to pursue either a lawsuit or an administrative proceeding under this act." Ross v. Jim Adams Ford, Inc., 871 So. 2d 312, 315 (Fla. 2d DCA 2004). Then, "[w]ithin 180 days of the filing of the complaint, the commission shall determine if there is reasonable cause to believe that discriminatory practice has occurred." § 760.11(3), Fla. Stat.

If "the commission determines that there is reasonable cause to believe that a discriminatory practice has occurred in violation of the [FCRA], the aggrieved person may either: (a) Bring a civil action against the person named in the complaint in any court of competent jurisdiction; or (b) Request an administrative hearing . . . ." Id. § 760.11(4). "The election by the aggrieved person of filing a civil action or requesting an administrative hearing under [subsection (4)] is the exclusive procedure available to the aggrieved person pursuant to this act." Id.

On the other hand, "[i]f the commission determines that there is not reasonable cause to believe that a violation of the [FCRA] has occurred, the commission shall dismiss the complaint." Id. § 760.11(7). Then, "[t]he aggrieved person may request an administrative hearing . . . . If the aggrieved person does not request an administrative hearing within 35 days, the claim will be barred." Id. If, after the hearing, the commission ultimately issues a final order determining that an FCRA violation occurred, the claimant may then either file a civil action of "accept the affirmative relief afforded by the commission." Id.

And, "[i]n the event that the commission fails to conciliate or determine whether there is reasonable cause on any complaint . . . within 180 days of the filing of the complaint, an

aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause." Id. § 760.11(8).

2.  *Proceedings Before the Commission*

Hill filed a Charge of Discrimination with the commission on April 4, 2012, which was within 365 days of the date of her termination and therefore satisfied § 760.11(1). (See Ex. 1 to Doc. 15). On October 26, 2012—more than 180 days after Hill filed her complaint—the commission issued a "no cause" determination to Hill. (Ex. 2 to Doc. 15).

On November 30, 2012, Hill filed a Petition for Relief with the commission. (Ex. 3 to Doc. 15). The commission transmitted Hill's petition to the Division of Administrative Hearings ("DOAH"), (Ex. 4 to Doc. 15), and the DOAH scheduled a hearing for November 6, 2013. (Ex. 5 to Doc. 15). A few days prior to that scheduled hearing, Hill voluntarily dismissed her petition. (Exs. 6 & 7 to Doc. 15). In accordance with that dismissal, on November 5, 2013, the DOAH closed its file and relinquished jurisdiction to the FCHR. (Ex. 7 to Doc. 15). On November 15, 2013, the FCHR filed a Notice of Dismissal, noting that Hill had voluntarily withdrawn her complaint. (Ex. 8 to Doc. 15).

3.  *Analysis*

Plaintiff argues that her FCRA claims are not barred because she dismissed them before they were heard by the commission. However, SunTrust is correct that, having elected to pursue relief before the commission, she cannot now pursue a civil action in court.

The FCRA defines the scope of a claimant's rights and describes a claimant's options. Under § 760.11(4) and (8), if the commission either determines that there is reasonable cause to believe a discriminatory practice occurred or fails to make a determination within 180 days, a claimant may bring a civil action in court or request an

4

administrative hearing. Whichever of these two paths a claimant elects "is the exclusive procedure available to the aggrieved person pursuant to" the FCRA. § 760.11(4), Fla. Stat.

Here, the commission failed to make a determination within 180 days, and thus Hill had two options: she could bring a civil action in court or request an administrative hearing.[2] Hill requested an administrative hearing and then dismissed her complaint on the eve of that scheduled hearing. Under Florida's Administrative Code, that dismissal "operates with prejudice with respect to [Hill's administrative remedies under the FCRA] and constitutes final agency action." Fla. Admin. Code R. 60Y-5.008(7).

The fact that Hill voluntarily dismissed her claims before they were heard by the commission does not render her civil suit in court viable. In 2012 and 2013, she elected to pursue a hearing before the commission rather than to bring a civil action in court, and "[o]nce an election is made . . . it is the exclusive procedure available to the aggrieved person pursuant to the [FCRA]." Gore v. Cmty. Blood Ctrs. of S. Fla., Inc., 890 So. 2d 520, 522 (Fla. 5th DCA 2005); see also § 760.11(4), Fla. Stat. Hill's voluntary dismissal of her complaint did not revive her statutory options, and she cannot now bring a civil suit in court for violations of the FCRA. Therefore, her FCRA claims must be dismissed.

---

[2] In this case, the commission did issue a "no cause" determination, but it did so more than 180 days after Hill filed her complaint. Because the commission did not make a determination within 180 days, under subsection 760.11(8) Hill was entitled, as discussed in the text, to proceed under subsection 760.11(4) as if she had received a reasonable cause determination.

To the extent that in requesting a hearing Hill was proceeding under subsection 760.11(7)—which pertains to when "the commission determines that there is not reasonable cause"—she fares no better. That paragraph only authorizes the filing of a civil action in court if the commission ultimately enters a final order determining that a violation of the FCRA occurred. That did not happen here, and therefore subsection (7) cannot provide a basis for a civil suit in court by Hill.

### B. § 1981 Claims

With regard to Hill's § 1981 claims, SunTrust asserts that Hill fails to state a claim for sex or age discrimination because § 1981 does not protect against discrimination on those bases. SunTrust further argues that Hill should be required to replead her § 1981 race discrimination claim to comply with Federal Rule of Civil Procedure 10(b).

The Amended Complaint does not purport to bring § 1981 claims based on sex or age. Instead, it only asserts § 1981 claims based on race (Count I) and retaliation (Count III). Moreover, the Amended Complaint apprises SunTrust of the basis for Hill's claims, and no additional particularity or clarity is required. This portion of SunTrust's motion is therefore denied.

### III. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion for Partial Dismissal of Plaintiff's Amended Complaint and for More Definite Statement (Doc. 15) filed by Defendant is **GRANTED in part and DENIED in part**. The motion is **GRANTED** to the extent it seeks dismissal of Plaintiff's FCRA claims. The motion is **DENIED** in all other respects.

2. Count II in its entirety, and Counts I and III to the extent they are brought under the FCRA, are **dismissed**.

3. This case will proceed as to Counts I and III, but only insofar as those claims are brought under 42 U.S.C. § 1981. Plaintiff is not required to replead these claims.

**DONE** and **ORDERED** in Orlando, Florida, on September 1st, 2015.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record